The opinion of the Court was delivered by
Wardlaw, A. J,
The defendants in 1863 did the acts for which they were indicted. They were soon afterwards, as the Solicitor alleges, arrested under a warrant for cow stealing, and entered into recognizances. No further proceedings were had before the organization of the District Court for Edgefield, which took place in the winter of 1866-7. At the April Term, 1867, of the District Court, an indictment against them for cow stealing was docketed, and the prosecutor not appearing, they were discharged from their recognizance, but (as the counsel have plainly stated in their written argument exhibited to this Court,) the cause was then continued. At April Term, 186S, on motion of the Solicitor, a nolle prosequi was entered, and immediately afterwards a new indictment for cow stealing and malicious trespass, alleging for time a day in June, 1863, was docketed, to which the defendants, both being in Court, personally and by attorney, pleaded not guilty. When the testimony on the part of the State had been closed, the defendants moved to quash the indictment, because there was not to be found either affidavit or warrant, and because the prosecution -was barred by the Act of Limitations. The Solicitor offered to prove the existence and loss of the affidavit and warrant, and that the prosecution was commenced within six months after the commission of the offence. The District Judge held that by pleading not guilty the defendants had waived the right to object to irregularities preceding, but that the proof offered by the *280 Solicitor would be unavailing because tbe effect of tbe nol. pros, was such as to require a new commencement of the prosecution, and the new prosecution was barred by the lapse of time from 1863 to 1868. Therefore he quashed the new indictment. The Solicitor appeals, and various points of law are presented, for the understanding of which the foregoing statement will be sufficient. The points have almost all hitherto received the consideration of this Court, and little more will now be done than to refer to adjudged cases.
The District Court had jurisdiction of the cause, notwithstanding that the offence was committed before the establishment of that Court. State vs. Sullivan, 14 Rich. 286; not at all contradicted by anything said in the State vs. Walker, 14 Rich. 36.
Quashing an indictment at the instance of the defendant is a very strong proceeding, now little known in our practice, and justifiable only by some plain and gross defect in the proceedings, such as would render a judgment given thereon against the defendant erroneous. It has been a matter of dispute whether judgment could be arrested when it appears upon the face of the indictment that, according to the allegation of time there made, the prosecution was barred. Our own decision, as will be seen below, being that it could not. But many defects which would serve to arrest judgment, and many more that would sustain a demurrer, would be insufficient to authorize the summary interposition of a Judge by quashing the indictment.
A nolle prosequi entered by the prosecuting officer is not the termination of a criminal case, as a nonsuit is of a civil one, “ The indictment is one of the stages of proceedings, and a discharge of that by nol. pros, does not- impair the previous proceedings. The State vs. Hackett, 3 Hill, 95; Smith ads. Shackleford, 1 N. & McC. 36; Teague vs. Wilks, 3 McC. 463.
*281 Tbe discharge of the defendant from his recognizance is the usual and regular mode of terminating a prosecution without a trial, and if there had been no distinct continuance of this case in April, 1867, such would have been the effect of the discharge then made. But the continuance operated to render the discharge nothing more than the discharge of the bail, for which a good reason might have been found in the fact that the recognizance taken before the establishment of the District Court could not have required appearance in that Court, but was probably adapted only to the Superior Court of Sessions.
The Act of 1748, (8 Stat. 701,) contains the only limitation of prosecutions which is applicable to this case. The evils of prosecutions instituted long after offences committed, or grievously delayed in their progress, have to some extent been guarded against by directions given to magistrates and other public officers, which are mostly embodied in the Acts of 1839; but the connection of time which must subsist between one step in a case and the next, has not been fixed in criminal proceedings, as it has been in civil, and to the wise discretion of a Grand Jury in rejecting bills that have been improperly delayed, or of a Judge in urging trial after bill found, the defendant called to answer a stale charge must generally look for protection. In the District Court, however, the powers with which the Judge is invested to direct the discontinuance of prosecutions before trial, (13 Stat. 388, § 7,) and to refuse an order for docketing an indictment, if in his judgment the prosecution thereof is not advisable, (13 Stat. 493, § 2,) are ample for preventing unjust and vexatious delays between the arrest and the indictment.
The Act of 1748 bars only pecuniary penalties. (State vs. Fields, 2 Bail. 554; State vs. Dent, 1 Rich. 469.) It applies to cow stealing under the Act of 1759, because other punishment, substituted for a fine not paid, will not be imposed *282 where the liability to tbe fine has been barred, (State vs. Youngblood, 2 McC.. 241,) but it does not bar the fine (a) under the Act of 1857, against malicious trespasses, because that Act requires that, upon conviction thereof, the defendant “shall be fined and imprisoned at the discretion of the Judge,” the discretion not extending to the entire dispensing with either mode of punishment. (The State vs. Porter, 10 Rich. 145.)
The complaint made to a magistrate is a commencement of a prosecution sufficient to arrest the Act of Limitation. (The State vs. Fraser, 2 Bay, 96; The State vs. James, 2 Bay, 215; The State vs. May, 1 Brev. 160.) If, then, the prosecution for cow stealing was properly commenced in 1868, it was not barred in 1868; the nol. pros., no more than arrest of judgment would have done, (State vs. Thomas, 8 Rich. 298,) did not terminate it; the time laid in the indictment, not being of the essence of the offence, was immaterial; and if that time appeared on the face of the indictment to have been more than six months before the commencement of the prosecution, this would not be ground for arresting the judgment, much less for quashing the indictment. (State vs. Dent, 1 Rich. 473; State vs. Porter, 10 Rich. 146, 148.)
The prosecution for malicious trespass does not appear to have been commenced before 1868, and if the defendants should be found guilty of that offence, how shall they have the benefit of the bar which the Act raises against any fine thereupon? It will be seen .that the cases of Youngblood, Porter and Dent, before cited, all speak of special pleadings, but our pleadings in criminal cases is so generally ore tenus, and the bar of punishment is so nearly equivalent to legal non-guiltiness, that the ■ Court has permitted lapse of time, proved under the general issue to have *283 tbe same effect as if it bad been pleaded specially. To show that notwithstanding conviction tbe fine bas been barred by tbe Act of 1748, tbe direction bas been as in tbe case of The State vs. Waters, (1 Strob. 61,) for tbe verdict to be in words sncb as these: “Guilty, but at a time more than sis months before tbe commencement of tbe prosecution.”
The motion is granted; tbe order for quashing the indictment set aside, and the case restored to the docket in like condition as it was in when the new indictment was docketed.
Motion granted.
DuNiciN, 0. J., and Lng-lis, A. J., concurred.

Motion granted.

(a) Sic, in orig. “Imprisonment” it is presumed was intended.